# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

GARY WAYNE RUSSELL,            )
                               )
            Plaintiff,         )
                               )
       v.                      )    No. CIV-06-377-S
                               )
JASON LINCOLN AND JERRI CARRELL,)
                               )
            Defendants.        )

## ORDER

Plaintiff, Gary Wayne Russell, appearing *pro se*, has filed with this court a civil rights complaint pursuant to 42 U.S.C. Sec. 1983 pertaining to his stay at the McCurtain County Jail.

On September 15, 2006, while still a prisoner at the McCurtain County Jail, plaintiff filed his complaint alleging numerous civil rights violations. Specifically, the plaintiff alleges that defendant Lincoln denied him access to a law library as well as limited his access to postage, presumably in violation of his right to access of the courts. Plaintiff also alleges defendants failed to give him medication, failed to give him his correct dosage of medication, and failed to provide him with apparatus to elevate his feet, presumably allegations of cruel and unusual punishment.

At all times relevant to his complaint, plaintiff was housed at the McCurtain County Jail. As to plaintiff's medical claims, plaintiff did not even commence the grievance process. He filed an inmate request sick call form which was directed to the jail nurse. Thus, plaintiff did not even initiate the grievance

1

process as to his medical claim.  Assuming the inmate request sick call forms could be considered a grievance, plaintiff failed to deliver it to the proper person.  The McCurtain County grievance policy provides "A grievance shall be made in the form of a written statement by the inmate promptly following the incident, sealed in an un-stamped envelope and addressed to the jail administrator.  Such statement shall be delivered promptly and without interference to the jail administrator by a jailer to whom the grievance is given."  Plaintiff failed to follow the policy because he delivered the form to the jail nurse instead of the jail administrator.  Thus, plaintiff failed to exhaust his medical claim.

As to plaintiff's law library/denial of access to the courts claim plaintiff admits that he filed a request to staff to the jail administrator, but did nothing further. According to the McCurtain County grievance process the submission of the request to staff is only the beginning of the grievance process.  According to the McCurtain County jail policy, "After receiving a response to the request to staff the inmate has 7-10 days to file a grievance on the initial request." Plaintiff admits he only submitted a request to staff to the jail administrator.  This is only the first step in the process.  Thus, plaintiff has admitted that he has not completed the grievance procedure on his library claim/denial of access to the courts claim.

A plaintiff is required to exhaust each claim prior to bringing litigation.  The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such

> administrative remedies as are available are exhausted.
> 42 U.S.C. Sec. 1997e(a).

In <u>Jernigan v. Stuchell</u>, 304 F.3d 1030, 1032 (10th Cir. 2002) the Tenth Circuit Court of Appeals stated:

> An inmate who begins the grievance process but does not complete it is barred from pursuing a 42 U.S.C. Sec. 1983 claim under the Prison Litigation Reform Act for failure to exhaust his administrative remedies. <u>Wright v. Hollingsworth</u>, 260 F.3d 357, 358 (5th Cir. 2001). In <u>Wright</u>, an inmate alleged that he had substantially complied with the administrative procedures but did not see the process to its conclusion. The court noted that the PLRA does not "enable judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems." <u>Wright</u> at 358.

The express language of 42 U.S.C. Sec. 1997e(a) mandates exhaustion in all suits "brought with respect to prison conditions". In the face of such a clear directive, the court cannot weigh the fairness of the exhaustion requirement or entertain exemptions from its reach. <u>Porter v. Nussle</u>, 534 U.S. 516 (2002)(holding exhaustion required for all prisoner suits, regardless of whether they involve general circumstances of incarceration or particular episodes, and whether they allege Eighth Amendment violation based on use of excessive force or some other wrong.)

After careful review, the court finds the plaintiff has simply failed to exhaust his administrative remedies as to his claims. Accordingly, defendants' motion to dismiss is hereby **GRANTED**.

**IT IS SO ORDERED** this 19th day of September, 2007.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma